## THOMPSON v. LINN.

| 35 | 361 |
| 88 | 43 |
| 35 | 361 |
| 100 | 331 |

1. Schools: employment of teacher: POWER OF SUB-DIRECTOR. While under section 48 of the consolidated school law of 1862, a sub-director is authorized to make contracts for the employment of teachers in his sub-district, he is to do so under and subject to such rules and restrictions as the board of directors may prescribe.

2. —— The board may restrict him as respects the class or qualification of teachers, and where a feeling of dissatisfaction prevails among the people of the district as to a particular teacher, the board may properly direct that such person be not employed; and if in the face of such restriction the sub-director does employ such teacher the contract thereof will be regarded as unauthorized, and the president of the board of directors will not be compelled to sign and approve the same.

*Appeal from Louisa Circuit Court.*

SATURDAY, DECEMBER 9.

THE plaintiff filed his petition in the circuit court, stating that on or about the 28th day of August, 1871, he entered into a written contract with Jeremiah Browning, the sub-director of sub-district six, in the district township of Grandview, Louisa county, Iowa, whereby the plaintiff agreed to teach the public school in said sub-district for the period of six months, from the 4th day of September, 1871; that said contract was duly presented to the defendant, who is, and then was the president of the board of directors of said district township, and he requested by plaintiff to sign and approve the same as is by law his duty, but that said defendant wholly refused and still refuses to do so. A peremptory writ of mandamus is prayed, to require the defendant to sign and approve the contract.

The defendant answered, admitting that he refused to sign and approve the contract set up in the petition; avers that the sub-director in making the contract disregarded the statute, and the positive instructions of the board of directors of the district township; that said board of directors instructed the defendant not to sign said contract; that the plaintiff has taught the school in said sub-district for three previous terms; that he did not satisfy the patrons of the school; that, because of his inefficiency and failure to discharge his duties as a teacher, a large proportion of the people residing in the sub-district refused to send their children to said school; that the fact of existing dissatisfaction among the parents and patrons of said school, as well as the action of the board of directors, was well known to the sub-director; that he, in violation and disregard of the wishes of said parents and patrons as well as the order of the board, attempted to employ said plain-

tiff to teach said school; that defendant because of these facts, as well as the fact that the sub-director disregarded the statute and orders of the board of directors of the district, refused to sign said contract. To this answer defendant annexes copies of the recorded action of the board in the premises, making the same part of his answer. Plaintiff demurred to this answer, which being sustained and the defendant standing on his answer, judgment was rendered as prayed in the petition. Defendant appeals.

*Hurley & Hall* and *Springer & Riley* for the appellant.

*Bird & Tatlock* for the appellee.

MILLER, J. — The plaintiff bases his action upon section 48 of the consolidated school law of 1862, page 208, which is as follows: "It shall be the duty of the sub-director, under such rules and restrictions as the board of directors may prescribe, to negotiate and make in his sub-district all necessary contracts for providing fuel for schools, employing teachers, repairing and furnishing school-houses, and for making all other provisions necessary for the convenience and prosperity of the schools within his sub-district, and he shall have the control and management of the school-house, unless otherwise ordered by a vote of the district township meeting. All contracts made in conformity with the provisions of this section shall be approved by the president, and reported to the board of directors, and said board, in their corporate capacity, shall be responsible for the performance of (on) the part of the district township."

It would seem that the latter clause of this section makes it the duty of the president to approve a contract made by the sub-director in conformity with the provisions of the section. The substance of the defendant's answer is that the contract in this case was not made in conform-

ity with, but in disregard of, the provisions of this section, and that therefore there was no duty resting on the president of the board to approve it.

The statute in making it the *duty* of the sub-director to make the contracts enumerated, thereby confers upon him the *power* to do so. This power, however, he must exercise " under such rules and restrictions as the board of directors may prescribe." The board may not only prescribe rules to govern the exercise of the power conferred on the sub-director, but they may also place restrictions upon it. Appellant's counsel insist that in this case the board did place such a restriction on the sub-director that he had no authority to enter into the contract in question. On the 19th of September, 1870, the board adopted the following :

" WHEREAS there is considerable trouble in sub-district No. 6, in regard to a teacher in said sub-district; therefore,

*Resolved*, that it is the opinion of this board that a teacher other than those under consideration be employed (W. B. Thompson is one of the teachers referred to)."

The contract with the plaintiff was entered into on the 28th day of August, 1871, nearly a year after the above action of the board.

This action is substantially a restriction by the board of directors upon the authority of the sub-director to make this contract with the plaintiff, and presents the question whether the provision of the statute above set out contemplates such a restriction as this.

When the legislature authorized the board to control the action of the sub-director by such rules and restrictions as they might prescribe, something more than the mere power to prescribe general regulations was intended, for this is covered by the authority to make *rules ;* the board may prescribe restrictions upon the authority of the sub-director to make contracts, which means that they

Thompson v. Linn.

may restrain or limit him in the exercise of this power. They may restrict or limit him to the employment of a certain class of teachers, for example, those only who hold first-class certificates from the superintendent, or to male, or to female teachers, and other like restrictions; and where, as in this case, a teacher has been employed who has, through his inefficiency, proved so unsatisfactory to the people of the sub-district that a large portion of them refuse to send their children to the school, we think the board may prescribe a restriction restraining the sub-director from again employing such teacher. The restrictions are such as the board may prescribe. The law does not limit them to general restrictions, and we see no reason why they may not be special, as in this case. Indeed, such special restrictions may often be proper and salutary.

It is urged, however, by the learned counsel for appellee that this restriction was prescribed by what they denominate the "old board," and has therefore lost its force. Each school district is by this statute made a corporate body (§ 5, chap. 172, Laws of 1862), and the action of its officers, in the manner authorized by law, is the action of the corporation. It having perpetual succession, the force and effect of the act does not terminate with a change of officers, but remains and continues until repealed, or in some manner abrogated by those having authority to do so.

The hardship suggested by appellee's counsel is imaginary. When a teacher or other person is about to enter into a contract with a school sub-director, he knows that he is dealing with a public agent whose powers are subject to regulations and restrictions by the board of directors, and he is bound to know what those rules and restrictions are, and should be governed accordingly.

The judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Reversed.