## WINKLER v. MILLER ET AL.

1. **Conveyance:** TITLE THROUGH QUITCLAIM DEED: BONA FIDE PURCHASER. The grantee of land by a warranty deed is not affected by the fact that his grantor held by a quitclaim only, but is presumptively a *bona fide* purchaser and takes the title free from outstanding equities of which he had no notice.

*Appeal from Lucas Circuit Court.*

WEDNESDAY, OCTOBER 6.

ACTION to recover eighty acres of land and to redeem the same from tax sale. The land is in the possession of the de-

fendant Miller, who alone defends.    He files a cross-bill ask-
ing that his title be quieted, and in case such relief is denied
that he be allowed for taxes paid and improvements.

Both plaintiff and defendant Miller claim through one
George Stuart, who was first purchaser from the government.

George Stuart sold to Joseph Stuart, assigning to him his
certificate of entry.    Joseph Stuart sold and conveyed to one
Raymond, and Raymond sold and conveyed to Ellen J. Wink-
ler, the plaintiff's mother, who is now dead.    The plaintiff
claims through her as heir.

The defendant claims through a tax deed executed to one
Dow, in 1867.    He also claims through a quitclaim deed,
executed by George Stuart to one Woodward.

The court entered a decree in favor of plaintiff for the title
to the land, and in favor of the defendant Miller, for $328.93
for taxes, and $166.60 for improvements.    The defendant
Miller appeals.

*Stuart Bros.* and *Thorpe & Sons*, for appellant.

*J. N. McClanahan*, for appellee.

ADAMS, CH. J.—If the defendant's title derived through
Woodward is valid, it is immaterial whether his tax title is
valid or not.    George Stuart, after his conveyance
to Joseph Stuart (which did not appear of record),
quitclaimed to Woodward.    The defendant Miller
holds under Woodward by deed of warranty.
Woodward, who derived title by quitclaim deed, could not be
deemed a *bona fide* purchaser without notice.    *Springer et
al v. Bartle*, 46 Iowa, 688.    The plaintiff contends that as
the defendant holds through the quitclaim deed to Wood-
ward, though directly under a deed of warranty, he cannot be
deemed a *bona fide* purchaser without notice.    The question
presented has not been determined in this State.

Where a person purchases of another who is willing to give
only a quitclaim deed, he may properly enough be regarded

1. CONVEY-
ANCE: title
through quit-
claim deed:
bona fide
purchaser.

as bound to inquire and ascertain at his peril what outstanding equities exist, if any. His grantor virtually declares to him that he will not warrant the title even as against himself, and it may be presumed that the purchase-price is fixed accordingly. But the case is somewhat different if the person who has thus purchased by quitclaim deed sells, and warrants the title. The subsequent purchaser, it may be presumed, pays what the parties deem the value, and upon the assumption that he is acquiring a title that is valid. It appears to us that he should not be affected by the mere fact that he takes through a quitclaim deed. It is not unreasonable to conclude that a quitclaim deed occurs in the line of many titles, where there is no outstanding equity. If the rule contended for by the plaintiff should be held, it would tend directly to impair the selling value of all such property. The rule might also operate to hinder improvements, especially where large sums of money were requisite. It is the policy of the law that titles to real estate should become matters of certainty as far as possible.

In our opinion the defendant was a *bona fide* purchaser, and the judgment must be　　　　　　　　　　　　　　REVERSED.