SHELDON REED *vs.* WILLIAM E. KNIGHTS.
SAME *vs.* SAME.

Somerset. Opinion January 23, 1895.

*Deed. Description. Caveat Clause. Quitclaim.*

The description in a deed, by metes and bounds, was as follows: "Commencing on the east line of the road leading from Skowhegan to Madison Mills at the southwest corner of land of Alvin Smith [a point admitted]; thence east on said Smith's south line and south line of N. Blanchard to the southeast corner of said Blanchard's land [a point not in dispute]; thence south to Charles Baker's north line [a point not in dispute]; thence west," &c., to the place of beginning. It was contended by the defendant that the call, "thence south to Charles Baker's north line" meant southeast to said Baker's northeast corner, thereby including a small triangle of land, the premises in dispute, at the east end of the lot described.

*Held;* that the description is plain, unambiguous, by courses and to monuments; that Baker's north line is a monument, the course running to it specific, south, and therefore the triangle is not embraced in the description.

*Also,* that a caveat clause at the end of the above description, "Meaning to convey the north half of Dean Reed farm," standing alone, did not enlarge the specific grant.

The defendant for further claim of title relied on a quitclaim deed of all the right, title and interest of the plaintiff's grantor delivered and recorded in 1881. It appeared that plaintiff's grantor had previously conveyed the same to the plaintiff in 1875 by warranty deed, recorded in 1893.

*Held;* that no title passed to the defendant by the quitclaim, because his grantor had none to part with, notwithstanding the plaintiff's deed of warranty was not recorded until after defendant's quitclaim.

ON REPORT.

These were two actions, one being a real action and the other trespass *q. c.,* in which the plaintiff claimed title to a small triangle containing about three acres, lying at the east end and adjoining the defendant's land in Madison, Somerset county. Plea, general issue. Both cases were submitted to the law court, upon so much of the testimony as might be found competent and admissible, to render such judgment as the legal rights of the parties required.

The defendent testified, subject to objection, that at the time he purchased his land of the plaintiff, including that adjoining the disputed strip, the title to which was not controverted, the plaintiff told him that the land run east as far as Baker's, and that the fence on the east end was the east line. This conversation was not upon the premises. The case appears in the opinion.

*E. N. Merrill and G. W. Gower,* for plaintiff.

*E. F. Danforth and S. W. Gould, S. J. and L. L. Walton,* with them, for defendant.

Plaintiff estopped by his statements to defendant. *Louks* v. *Kenniston,* 50 Vt. 116; *Hendricks* v. *Kelly,* 64 Ala. 388; *Woodward* v. *Tudor,* 81 Penn. St. 382; *Rutherford* v. *Tracy,* 48 Mo. 325; *Bigelow* v. *Foss,* 59 Maine 162.

In starting from Blanchard's southeast corner the monument to be reached to the south is the Charles Baker land. It is familiar law that monuments govern courses and distances. The

point on the Baker line nearest from the Blanchard corner is the northeast corner of the Baker land, and is forty-six rods and° fifteen links, while in running due south it takes forty-seven rods and three links to reach the Baker land.

Where in the description of a tract of land, an ascertained or natural object is called for, the same must be reached by one straight line, irrespective of course or distance ; and when such ascertained and natural object is of ån extensive character, such as another tract of land, a river, or a swamp, this line must be run to the nearest point in such object.  *Campbell* v. *Branch*, 4 Jones (N. C.), L. 313 ; *Spruel* v. *Davenport*, 1 same, 203.

Construing the deed according to the manifest intention of the parties and in case of doubt most strongly against the grantor and harmonizing all the circumstances and acts of the parties, including the statements made by plaintiff to defendant, it seems clear that the easterly line of the plaintiff's deed to defendant runs from Blanchard's southeast corner to Charles Baker's northeast corner.  *Worthington* v. *Hylyer*, 4 Mass. 195 ; *Herrick* v. *Hopkins*, 23 Maine, 217.

Defendant having no knowledge of the other deed from Webster Reed to plaintiff, having obtained the quitclaim deed on December, 1881, and recorded at that time, holds the territory against plaintiff's deed of prior date but of later record.  *Dow* v. *Whitney*, 147 Mass. 1.

SITTING : PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J.  Report.  Writ of entry and trespass *quare clausum*.  Plea, the general issue, in both cases.  The declaration in the writ of entry admits defendant's possession, and *nul disseisin* is a good defense to the action, until the plaintiff shows that the possession is rightfully his.  This he attempts to do by showing legal title in himself.  He reads in evidence several warranty deeds to himself that show him to be the legal owner of all the land demanded, at least on January 18, 1893, prior to the date of his writ in September following ;

so that, unless the defendant shows an earlier title in himself, the plaintiff must prevail.

Defendant reads in evidence a warranty deed from the plaintiff to the defendant and his son of a part of the demanded premises, and contends that it conveys the whole of the same ; but the contention is not sound. The description is by metes and bounds : " Commencing on the east line of the road leading from Skowhegan to Madison Mills, at the southwest corner of land of Alvin Smith [a point admitted], thence east on said Smith's south line and south line of N. Blanchard to the southeast corner of said Blanchard's land [a point not in dispute], thence south to Charles Baker's north line [a point not in dispute], thence west," &c., to the place of beginning. It is contended that the call, "thence south to Charles Baker's north line," means southeast to Baker's northeast corner, thereby including a small triangle of land, here in dispute. The description is plain, unambiguous, by courses and to monuments. Baker's north line is a monument. The course running to it is specific, south. The point in Baker's north line is made certain by the course that reaches it. Now south means south, not southeast nor southwest when other calls in the deed do not control, to make it so. *Foster* v. *Foss*, 77 Maine, 279.

But it is said that there is a caveat clause at the end of the description : " Meaning to convey the north half of Dean Reed farm, so-called, as situated on the east side of said road, containing thirty-five acres, more or less, and being the same premises conveyed to me by Webster Reed," &c. Now that deed refers for description to a deed from one Palmer. That deed says : "Easterly to land of Sheldon Reed [the plaintiff], thence northerly and westerly by land of Sheldon Reed to land of Quincy Blanchard," the point where the disputed line begins to run south. The easterly line in that deed is uncertain. It is described, northerly and westerly, not northwest, but two courses by land of plaintiff; so the fair inference is that the plaintiff, in his grant to the defendant, meant to make a straight line on the east end of the lot, that may have been uncertain, as the evidence shows that a crooked brush fence once existed on

it, or near it.   He meant to convey, a perfectly shaped rectangular lot, and did so in terms.   The words, "Meaning to convey the north half of Dean Reed farm," standing alone, cannot enlarge the specific grant.   *Brown* v. *Heard*, 85 Maine, 294. Taken in connection with the context, they show no intention to have done so.

Plaintiff's declarations at the time he gave the deed, which are denied, cannot affect the result.   *Stubbs* v. *Pratt*, 85 Maine, 429 ; *Ames* v. *Hilton*, 70 Maine, 36.

But defendant reads in evidence a quitclaim deed from plaintiff's grantor, dated in 1881, claimed to cover the *locus* in dispute. Suppose it does.   Plaintiff's grantor had previously conveyed the same to plaintiff in 1875 by warranty deed, recorded in 1893, and defendant's quitclaim therefore passed no title to him, for the grantor had none to part with ; and the fact that plaintiff's deed was not recorded makes no difference.   Had defendant's deed been a warranty, it would have been otherwise.   *Walker* v. *Lincoln*, 45 Maine, 67 ; *Coe* v. *Persons Unknown*, 43 Maine, 432 ; *Johnson* v. *Merithew*, 80 Maine, 114.

> *Judgment for plaintiff, in the writ of entry, for the triangular lot in dispute; and for one dollar damages in the action of trespass.*