ELLA BENSON v. THE DISTRICT TOWNSHIP OF SILVER LAKE, DICKINSON COUNTY, IOWA, Appellant.

**Contract with Teacher:** APPROVAL BY PRESIDENT: *Estoppel.* Code section 1753, provides that a sub-director of a school board, under the rules of the board, may contract for employment of a teacher, and that the contract shall be approved by the president and reported to the board. *Held,* that where a contract was made with a teacher, and signed by a director, who was, in fact, at the time, president of the board of directors, and filed with the secretary, his failure to approve the contract as president, and file it with the board of directors, did not render the contract invalid.

SAME: *Subsequent change of authority to employ.* A school board authorized its president to employ plaintiff as teacher for the "winter term." No provision was made as to what number of weeks constituted such term. The president employed plaintiff for the term of nine months. *Held,* that a subsequent action of the board, whereby it attempted to correct the record, by stating that the board of directors employed teachers for six months only, and that the president was authorized to close contracts for "six months only,—the winter term," did not affect the contract entered into with plaintiff; assuming, even, that the teacher would be bound by resolutions of the board, of which she had no actual knowledge.

DISCHARGE OF TEACHER: *Hearing.* Under Code, section 1734, a school teacher cannot be discharged before the expiration of her term, without an opportunity to be heard.

*Appeal from Dickinson District Court.*—HON. W. B. QUARTON, Judge.

FRIDAY, DECEMBER 11, 1896.

SEPTEMBER 23, 1893, the plaintiff entered into a contract in writing, in the usual form, by the terms of which she was to teach the school in district No. 1, of defendant, for the term of nine months, commencing October 2, 1893, and was to receive therefor the sum of thirty-five dollars per month, to be paid at the end of each month. The contract was signed by the plaintiff and by the secretary of the defendant's board; also, by " L. E. Benson, Director." Benson was, in fact, at the time, the president of the defendant's board of directors. The contract was made and signed in duplicate, and left with the president of the board. It was, however, never formally signed by him, as president. It was filed by the secretary of the board. Under this contract, plaintiff entered upon her labors, and taught the school for six months. She was prohibited by the defendant from teaching longer. She was fully paid for the time she actually taught. She brings this suit to recover for the three months which she was not permitted to teach. The defendant pleads, among other defenses, that the contract was made without authority of defendant, and in violation of the terms of a resolution which had been adopted by its board of directors, which authorized Benson to employ the plaintiff for the winter term only, being for the period of six months; that the contract was void, it not having been filed with the president of defendant, and not being signed and approved by the defendant's president. To this, plaintiff replied that defendant had repeatedly recognized the validity of the contract, by making payments thereunder, and by accepting plaintiff's

services, with knowledge of its terms, and that it was now estopped from claiming that it was invalid. The cause was, by agreement of parties, tried to the court, without a jury, and a judgment rendered against the defendant for one hundred and thirty-eight dollars and sixty-five cents, and costs. Defendant appeals.— *Affirmed.*

*J. W. Cory* for appellant.

*C. M. Brooks* for appellee.

KINNE, J.—I. Of the many questions discussed by counsel, we shall only consider those which impress us as controlling, in the determination of the case.

Did the plaintiff have a valid and binding contract with the defendant? By section 1753 of the Code, it is provided, that "the sub-director, under such rules and restrictions as the board of directors may prescribe, shall negotiate and make in his sub-district, all necessary contracts for  *  *  *  employing teachers  *  *  * . All contracts made in conformity with the provisions of this section, shall be approved by the president, and reported to the board of directors, and said board, in their corporate capacity, shall be responsible for the performance of the same on the part of the district township."

This contract was made on behalf of the district township, by a proper person. It was not formally approved by the president, and it does not appear that it was ever filed by him, or reported to the board of directors. Clearly, his failure to report the contract to the board, would not render it invalid. That was a duty the law enjoined upon the directors for a failure to perform which, the teacher was in no way responsible. Nor do we think, that the failure of the president of the board to file the contract, should

prevent recovery. It was left with the director making it. He was, in fact, the president of defendant's board. If he approved the contract, it was his duty to file it.

Is the contract of no validity because not formally approved by the president of the board? As we have seen, the law required such contracts to be thus approved, and we have held that, if such a contract is not approved, it is not binding upon the district. *Gambrel v. District Township of Lenox*, 54 Iowa, 418 (6 N. W. Rep. 693). So, also, we have held that, if a contract is made in conformity with the section of law heretofore quoted, it is the duty of the president of the board to approve it. *Thompson v. Linn*, 35 Iowa, 361. In this case the contract was filed by the secretary of the board. It was left with the president. As the president had, as a director, entered into the contract with plaintiff, it can hardly be presumed that he did not regard it as complying with the law. If it was not a proper contract, if it did not comply with the law, he, as a director, had no right to enter into it. It will not do to say that, as president of the board, he did not know of the terms and conditions of a contract which he himself, as a director, had entered into. Under the facts disclosed in this record, we think the contract cannot be defeated by the fact that the president of the board did not formally approve it.

II. At a meeting of the defendant's board held September 19, 1893, L. E. Benson, a member of the board, and its president, was authorized to employ plaintiff as a teacher in the Lake Park School for the "winter term." No provision was made as to what number of weeks should constitute a term. Now, the contention is that, under said authority, Benson had no right to employ plaintiff for a longer period than six months; that plaintiff is bound to know the action of the board; and hence her contract for nine months is

invalid.   Whether plaintiff, under the circumstances disclosed in this record, or under any circumstances, would be bound by this action of the board, of which she had no actual notice, we do not determine.   The resolution itself is indefinite as to the number of weeks or months the winter term should embrace.   It did not therefore limit the time to six months.   That the board so understood it, long after the expiration of the time provided in plaintiff's contract, is evident, for at a meeting held January 30, 1895, they attempted to explain or correct the record thus:   "It was moved and seconded that as the record made September 19, 1893, by the secretary of the board, is incorrect, and a part omitted by mistake, that the same be corrected by adding thereto that the board of directors employed said teachers for the term of six months only,—the winter term; and that L. E. Benson was authorized to close contracts for six months only,—the winter term."   This subsequent attempted correction and explanation of the record could not bind plaintiff as to a contract entered into long before it was made.   There are several facts in evidence which go to show that the plaintiff was prevented from teaching longer than six months, not because the contract was in excess of the authority conferred upon Benson as to time, but on account of a claim that she had not properly conducted the school. This was one of the grounds stated at a board meeting held in March, 1894; and, when the secretary of the board notified plaintiff that her services were no longer wanted as a teacher, the reason given did not relate to the fact or claim that the contract was unauthorized, being made for nine months, instead of for six months, but the reason given was:   "Your term as teacher is considered closed, the cause being for not fulfilling agreement of contract."

But we need not prolong this discussion. We do not find it necessary to consider questions raised as to ratification and the like. We hold the contract, in form and under the circumstances disclosed, was legal and binding for the nine months. Plaintiff's discharge before the expiration of the term, and without an opportunity to be heard, was unwarranted. Code, section 1734; *Hull v. School District*, 82 Iowa, 688 (46 N. W. Rep. 1053, and 48 N. W. Rep. 82). The judgment of the district court is AFFIRMED.