## FOWLER v. WILL et al.

Rev. Civil Code 1903, § 986, provides that every conveyance is void as
against a subsequent purchaser in good faith and for a valuable consid-
eration, whose conveyance is first duly recorded. Held, that an unre-
corded warranty deed is valid as against a recorded quitclaim executed
later by the same grantor, and which purports only to "remise, release,
and quitclaim" the grantor's interest in the premises.

CORSON, P. J., dissenting.

(Opinion filed February 21, 1905.)

Appeal from circuit court, Jerauld county; Hon. FRANK
B. SMITH, Judge.

Action by W. A. Fowler against H. P. Will and others.
From the judgment, plaintiff and defendant H. P. Will appeal.
Affirmed.

A. E. Hitchcock, for plaintiff.

C. W. McDonald and T. H. Null, for defendant Will.

FULLER, J. This action to determine conflicting claims to
real property resulted in a judgment quieting title in the de-

fendant H. P. Will, subject to a lien for certain taxes in favor of plaintiff, and both parties have appealed.

In the absence of a brief or oral argument on the part of the defendant H. P. Will, the only question is whether the trial court erred in holding an unrecorded warranty deed valid and effectual as against a recorded quitclaim deed executed later by the same grantor, and which purports only to "remise, release, and quitclaim" his interest in the premises. Speaking of such an instrument in Parker v. Randolph, 5 S. D. 549, 59 N. W. 722, 29 L. R. A. 33, we say: "The record was therefore sufficient to put the defendant Lane on inquiry, as a grantee in a quitclaim deed is not a bona fide purchaser. Such deed simply conveys all the interest, if any, which the grantor has, in equity, at the time of its execution." Under our recording act, a subsequent purchaser in good faith, whose conveyance is first duly recorded, has authority to question the validity and destroy the effect of a warranty deed previously executed by a common grantor; but a quitclaim deed in no sense purports to convey title—not even by inference—and is not essentially a grant, in contemplation of the statute. Rev. Civ. Code 1903, § 986. In Winkler v. Miller, 54 Iowa 476, 6 N. W. 698, the view of the court is thus expressed: "Where a person purchases of another who is willing to give only a quitclaim deed, he may properly enough be regarded as bound to inquire and ascertain, at his peril, what outstanding equities exist, if any. His grantor virtually declares to him that he will not warrant the title, even as against himself, and it may be presumed that the purchase price is fixed accordingly." From the case of Peters v. Cartier, 80 Mich. 124, 45 N. W. 73, 20 Am. St. Rep. 508, we quote approvingly in Parker v. Ran-

dolph, supra, as follows:   ''Under the cloak of quitclaim deeds, schemers and speculators close their eyes to honest and reasonable inquiries, and traffic in apparent imperfections in titles.    The usual methods of conveying a good title—one in which the grantor has confidence—is by warranty deed.    The usual method of conveying a doubtful title is by a quitclaim deed.    The rule is wise and wholesome which holds that those who take by quitclaim deed are not bona fide purchasers, and take only the interest which grantors had.    This rule is adopted in the United States Supreme Court and in the courts of many of the states.    It is therefore immaterial whether Cartier had notice or knowledge of complainants' title.    He must be held to have purchased at his own risk, and Douville, having no title, conveyed none to him."    To the effect that persons taking by quitclaim deed are not bona fide purchasers without notice, the authorities are numerous and convincing.    Thorn v. Newsom, (Tex.), 53 Am. Rep. 747, is an authority to the point that one taking a quitclaim deed is not protected by the recording act, as a bona fide purchaser, and the court say: "While nonregistered deeds are declared void by the statute as to subsequent purchasers for value and without notice, still the doctrine is well settled that a subsequent purchaser, although for value and without actual notice, who takes under strictly a quitclaim deed—that is, one by which the chance of title, and not the land itself, is conveyed—will not be accorded the protection of the statute, for the obvious reason that he contracted for the interest only that his vendor then had in the land.    If the vendor had previously divested himself of the title to a portion or all of the land, to the extent of the divestiture there would be no right remaining in the vendor to pass

by the quitclaim to the vendee. It is, then, the interest of the vendor for which he contracts, and it is to such interest only that he is entitled under the quitclaim deed." In Bayer v. Cocherill, 3 Kan. 282, where a deed "remised, released, and quitclaimed" certain real estate, portions of which the grantor had previously sold to a third person, but for which no deed had been delivered, it was held that the conveyance was nothing more than a quitclaim, and that only the actual interest which the grantor had at the time was conveyed. The author of the article on "Deeds," 13 Cyc. 527, says: "There should be some title or interest, in law or equity, in the grantor, to enable him to convey, and the grantees, under a release or quitclaim, will take nothing, where the grantor has no interest which he can convey." Reed v. Knights, 87 Me. 181, 32 Atl. 870, is a case substantially the same as this, and the court say: "But defendant read in evidence a quitclaim deed from plaintiff's grantor dated in 1881, claimed to cover the locus in dispute. Suppose it did. Plaintiff's grantor had previously conveyed the same to plaintiff in 1875 by warranty deed, recorded in 1893, and defendant's quitclaim therefore passed no title to him, for the grantor had none to part with; and the fact that plaintiff's deed was not recorded makes no difference."

For further cases holding that a quitclaim deed comprehends no more than is actually owned by the party executing it, and, as to interest already gone, is of no effect, see Steele & Son v. Sioux Valley Bank, 79 Iowa 339, 44 N. W. 564, 7 L. R. A. 524, 18 Am. St. Rep. 370; Benton & Milliken v. Sentell, 50 La. Ann. 869, 20 South. 297; Gest v. Packwood, (C. C.), 34 Fed. 368; Johnson v. Williams, 37 Kan. 179, 14 Pac. 537, 1 Am. St. Rep. 243; Arlington Mill & Elevator Co. v. Yates et al., 57

Neb. 286, 77 N. W. 677. Although the granting clause in the deed construed by this court in the case of State v. Kemmerer, 14 S. D. 169, 84 N. W. 771, recites that defendants "do convey, grant, remise, release, and quitclaim all their right, title, estate, interest, property, and equity in and to the following described property," it was held that such instrument did not pass the after-acquired title of the grantor.

Plaintiff, not being entitled to the protection afforded by the registration act, took nothing by the quitclaim deed, executed long after the premises had been disposed of by warranty deed, and the judgment of the lower court is affirmed.

CORSON, P. J., (dissenting). In view of the important nature of the decision made by a majority of the court, I feel again compelled to dissent from the doctrine sought to be established in this opinion, for I do not understand that the doctrine now enunciated has heretofore been accepted by this court. It is true, the writer of the opinion in the case of Parker v. Randolph, 5 S. D. 549, 59 N. W. 722, 29 L. R. A. 33, took the view now adopted by the court in the opinion in the case at bar; but Judge KELLAM, then a member of the court, concurred specially, taking the view, as I now read his concurring opinion, that the facts and circumstances disclosed by the record in that case were such as to show that Lane was not an innocent and bona fide holder, and could not, therefore, be regarded as an innocent purchaser; and the writer of this opinion expressly dissented. So far as I am aware, therefore, the question presented in this case has not heretofore been decided by this court. As my views upon the question presented are so fully expressed in my dissenting opinion in the case referred

to, I shall now only call attention to three cases which were not referred to in that opinion, and one of which has been decided since the decision in the Parker case: .

In Moelle v. Sherwood, 148 U. S. 21, 13 Sup. Ct. 426, 37 L. Ed. 350, decided in March, 1893, the Supreme Court of the United States, speaking by Mr. Justice FIELD, reviews the question discussed in the majority opinion of this court, and says: "The doctrine expressed in many cases, that the grantee in a quitclaim deed cannot be treated as a bona fide purchaser, does not seem to rest upon any sound principle. * * * In many parts of the country a quitclaim or a simple conveyance of the grantor's interest is the common form in which the transfer of real estate is made. ` A deed in that form is in such cases as effectual to divest and transfer a complete title as any other form of conveyance. There is in this country no difference, in their efficacy and operative force, between conveyances in the form of release and quitclaim, and those in the form of grant, bargain and sale. * * * If in either case the grantee takes the deed with notice of an outstanding conveyance of the premises from the grantor, or of the execution by him of obligations to make such conveyance of the premises or to create a lien thereon, he takes the property subject to the operation of such outstanding conveyance and obligation, and cannot claim protection against them as a bona fide purchaser. But in either case, if the grantee takes the deed without notice of such outstanding conveyance or obligation respecting the property, or notice of facts which, if followed up, would lead to a knowledge of such outstanding conveyance or equity, he is entitled to protection as a bona fide purchaser upon showing that the consideration stipulated has been paid, and that

such consideration was a fair price for the claim or interest designated. The mere fact that in either case the conveyance is unaccompanied by any warranty of title, and against incumbrances or liens, does not raise à presumption of the want of bona fides on the part of the purchaser in the transaction. Covenants of warranty do not constitute any operative part of the instrument in transferring the title. That passes independently of them. They are separate contracts, intended only as guaranties against further contingences. The character of bona fide purchaser must depend upon attending circumstances or proof as to the transaction, and does not arise, as often, though we think inadvertently, said, either from the form of the conveyance, or the presence or the absence of any accompany ing warranty." The same court, in the United States v. Cal. & O. Land Co., 148 U. S. 31, 13 Sup. Ct. 458, 37 L. Ed. 354, in speaking of the foregoing decision, says: "In the case of Moelle v. Sherwood, supra, just decided, the general question was examined, and it was held that the receipt of a quitclaim deed does not of itself prevent a party from becoming a bona fide holder, and the expressions to the contrary in previous opinions were distinctly disaffirmed." This and the former decision were made by a unanimous court. It will thus be seen that the doctrine laid down by the Supreme Court of the Unit ed States in the earlier cases has been overruled and repudiated by that learned court.

The Court of Appeals of this circuit has quite recently handed down an able and exhaustive opinion upon this question, in the case of Boynton v. Haggart, 120 Fed. 819, 57 C. C. A. 304, in which Mr. Justice SANBORN, speaking for the court (citing Brown v. Jackson, 3 Wheat. 449, 4 L. Ed. 432, and some

of the earlier cases of the Supreme Court of the United States and decisions of state courts), says: "But these decisions fail to give any adequate effect or force to the estoppel of the registry statutes, and are in accord with the earlier holdings of the Supreme Court regarding the effect of a quitclaim deed. The riper experience and more thoughtful consideration of later years have exploded the fallacy upon which the earlier decisions of the Supreme Court rested, and have led that court to adopt the rule which has now become firmly established both upon reason and authority—that the innocent purchaser under a quitclaim deed may acquire the title under the registry statutes, as against the holder of a prior unrecorded deed from the same grantor, notwithstanding the fact that the latter had no title and had nothing to convey when he executed his second deed." Citing cases above referred to, and many others. The length of the foregoing decision prevents a further quotation from it, but the learned Court of Appeals seems to me to have fully answered every argument made by the majority of the court in the case at bar, and decisions cited in the opinion, in support of the old doctrine that a party claiming under a quitclaim deed should not be treated as a bona fide purchaser, and therefore cannot acquire any title as against outstanding equities and unrecorded deeds. It would seem to me, therefore, to be unwise for this court to incorporate into the law of this state a doctrine that has been overruled by the high court in which it originated, and which is no longer recognized by the Court of Appeals of this circuit; and it would also seem to me to be unwise to establish a doctrine as to titles to real property in this state in direct opposition to that laid down by the federal courts, and which will necessarily result in con-

flicting decisions between the state and national tribunals, when neither the language of our recording act, nor the weight of authority, in my judgment, requires the establishment of such a doctrine.